UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| EDWARD FINLEY, | Case No. 3:14-cv-00011-MMD-WGC |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendants. | |

This prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A.

In this severed action, the Court adopts the prior screening order from Case No. 3:13-cv-00312-MMD-WGC, a copy of which also is filed herein (at dkt. no. 4), as if set forth in full in this order. The prior screening order, *inter alia*, applies the governing screening standard to the allegations of plaintiffs Finley and Edwards in this action. (*See* dkt. no. 4, at 9-14.) The remaining provisions of this order apply the conclusions reached in the prior screening order to the pleadings carried over to and filed in this severed action.

It is therefore ordered, consistent with the severance, that all claims stated in the complaint (dkt. no. 1) in this action by Ricky Lewis are dismissed without prejudice from this particular action only, as those claims are being pursued in Case No. 3:13-cv-00312, such that Counts II and III and all claims against defendant Mosley are dismissed without prejudice in this action only.

It is further ordered that the following claims are dismissed for failure to state a claim upon which relief may be granted: (a) all claims except for the claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), the Equal Protection Clause, 42 U.S.C. § 1986, and Article I, Section 4, of the Nevada Constitution; (b) all claims against the State of Nevada and the Nevada Department of Corrections except for claims for equitable relief under RLUIPA; (c) all claims against Lovelock Correctional Center; (d) all claims for injunctive relief seeking to have defendant official's employment terminated; and (e) all claims against individual defendants in their official capacity for monetary damages but not equitable relief.

It is further ordered that:

1. A decision on plaintiff plaintiffs' applications (dkt. nos. 2 & 3) to proceed *in forma pauperis* is deferred.

2. This action is stayed for ninety (90) days to allow plaintiffs and defendant(s) an opportunity to settle their dispute before an answer is filed or the discovery process begins. During this ninety-day stay period, no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery. The Court will decide whether this case will be referred to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before ninety (90) days from the date this order is entered, the Office of the Attorney General shall file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior the end of the 90-day stay. If the parties proceed with this action, the Court then will issue an order setting a date for the defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and other deadlines.

3. "Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve plaintiffs' issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

4.   If the case does not settle, plaintiffs each will be required to pay a full $350.00 filing fee. This fee cannot be waived. If a plaintiff is allowed to proceed *in forma pauperis*, the fee will be paid in installments from his prison trust account. 28 U.S.C. § 1915(b). If a plaintiff is not allowed to proceed *in forma pauperis*, the $350.00 will be due immediately. If a plaintiff had sufficient funds when his pauper application was filed, he may not deplete such sufficient funds from an inmate account prior to a ruling on the pauper application.

5.   The Clerk shall electronically serve a copy of this order and a copy of plaintiffs' complaint on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

6.   The Attorney General's Office shall advise the Court within twenty-one (21) days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of the defendants for the purpose of settlement. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

DATED THIS 29th day of January 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDWARD FINLEY, | Case No. 3:14-cv-00011-MMD-WGC |
| Plaintiffs, | REPORT OF THE OFFICE OF THE ATTORNEY GENERAL RE RESULTS OF THE 90-DAY STAY |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendants. | |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____ *[the date of the issuance of the screening order]*, the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case: The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

|     |     |
| --- | --- |
| 1   |     |
| 2   |     |

\_\_\_\_   A mediation session with a court-appointed mediator was held on _____ [enter date], and as of this date, the parties have reached a settlement, even if paperwork to memorialize the settlement remains to be completed. (If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.)

\_\_\_\_   A mediation session with a court-appointed mediator was held on _____ [enter date], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)

\_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [enter date].

\_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

\_\_\_\_   None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case:** The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations. [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

\_\_\_\_   The parties engaged in settlement discussions and as of this date, the parties have reached a settlement, even if the paperwork to memorialize the settlement remains to be completed. (If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)

\_\_\_\_   The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

2

|   |   |
|---|---|
| ____ | The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action. |
| ____ | None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case. |

Submitted this _____ day of _____, _____ by:

Attorney Name: _____     _____
                         Print                                  Signature

Address: _____     Phone: _____

          _____     Email: _____

          _____

3