UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD FINLEY and LEODIAS EDWARDS,<br><br>                            Plaintiffs,<br>     v.<br>STATE OF NEVADA, ex. rel NEVADA DEPARTMENT OF CORRECTIONS, et. al.,<br><br>                            Defendants. | Case No. 3:14-cv-00011-MMD-WGC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.    SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 36) ("R&R") relating to Plaintiffs' respective Motions for Summary Judgment (dkt. nos. 21, 22) and Defendants' Cross Motion for Summary Judgment (dkt. no. 27). The Magistrate Judge recommends that Plaintiffs' motions be denied and the Defendants' motion be granted. (*Id.* at 14.)

The Court has reviewed Plaintiffs' objections (dkt. nos. 37, 38) and Defendants' responses (dkt. nos. 39, 40). The Court accepts and adopts the R&R in full.

**II.   BACKGROUND**

Plaintiffs are inmates in the custody of the Nevada Department of Corrections ("NDOC") and residing at the Lovelock Correctional Center ("LLC"). They allege that they

were denied pre-packaged kosher meals due to their race, in violation of the First Amendment, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1(a) (RLUIPA), the Equal Protection Clause, and the Nevada Constitution. Plaintiffs' allegations and Defendants' responses are explained in detail in the Magistrate Judge's R&R, which this Court adopts. (Dkt. no. 36 at 1-5.)

## III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiffs' objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendation.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Nw. Motorcycle Ass'n*, 18 F.3d at 1472. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all

inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (citation and internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.  DISCUSSION**

The Court agrees with the Magistrate Judge's recommendation to grant summary judgment in favor of Defendants on all counts.

    **A.  First Amendment, RLUIPA, and the Nevada Constitution**

Plaintiffs First Amendment, RLUIPA, and state constitutional claims are based on an alleged violation of their religious liberty. The threshold question for any religious liberty claim is whether the government's actions in fact burden religious exercise. "Under RLUIPA, [the plaintiff] bear[s] the initial burden of persuasion on whether [a] [p]olicy substantially burdens [his or her] 'exercise of religion.'" *Hartmann v. Cal. Dep't. of Corr.*, 707 F.3d 1114, 1124 (9th Cir. 2013) (citing 42 U.S.C. § 2000cc-2(b)) (internal

quotation marks omitted). Thus, the court must begin by "identifying the 'religious exercise' allegedly impinged upon.'" *Greene v. Solano Cnty. Jail*, 513 F.3d 982, 987 (9th Cir. 2008) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 714 (2005)).

The Magistrate Judge found that Plaintiffs have not provided any evidence in support of their claim that Defendants burdened a sincerely held religious belief or hindered Plaintiffs' ability to exercise their religion. This Court has reviewed the record and agrees with the Magistrate Judge's assessment.

The undisputed facts demonstrate that Plaintiffs were moved from one kosher meal program to another. Defendants have provided evidence that the new meals were developed under Rabbinical supervision and are certified kosher. Plaintiffs have not provided any evidence showing the new meals are deficient in any way.

In their objections, Plaintiffs contend that the R&R failed to address their free exercise rights, was incorrect in determining that the new meals are kosher, and failed to recognize Defendants were acting on their own authority when they switched Plaintiffs from the old kosher meals to the new ones. (Dkt. nos. 37, 38.) None of Plaintiffs' objections are persuasive. The R&R addressed Plaintiffs' free exercise rights at length. (Dkt. no. 36 at 10-12.) Plaintiffs did not provide any evidence to contradict Defendants' evidence that the new meals are kosher.  Moreover, whether the NDOC acted on its own accord or pursuant to a court order when switching the meals has no bearing on the threshold issue in this case: whether Plaintiffs' religious exercise was burdened.

Because Plaintiffs have not produced any evidence to dispute Defendants' evidence that Plaintiffs have been provided kosher meals, the Court will adopt the Magistrate Judge's recommendation and grant summary judgment for Defendants on Plaintiffs' religious liberty claims.

### B. Remaining Claims

The Magistrate Judge also denied Plaintiffs' Motions for Summary Judgment and granted Defendants' Cross Motion for Summary Judgment in regards to Plaintiffs' Equal Protection and 42 U.S.C. § 1986 claims.

4

Plaintiffs' objections do not address any of these rulings. Where a party fails to object the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, in light of the Plaintiffs' pro se status, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt the remaining conclusions of the Magistrate Judge. Upon reviewing the R&R and underlying briefs, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

## V.   CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 36) be accepted and adopted in full. Defendants' Cross Motion for Summary Judgment (dkt. no. 27) is granted. Plaintiffs' Motions for Summary Judgment (dkt. nos. 21, 22) are denied.

The Clerk is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 14th day of September 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE