1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8                              * * *

9   EDWARD FINLEY, and LEODIAS            Case No. 3:14-cv-00011-MMD-WGC
    EDWARDS,
10                                         ORDER
                          Plaintiffs,
11        v.

12  STATE OF NEVADA, et al.,

13                        Defendants.

14

15  **I.     SUMMARY**

16        Before the Court are identical motions to vacate judgement filed by Plaintiffs

17  Leodias Edwards and Edward Finley. (Dkt. nos. 43, 44.) The Court has reviewed

18  Plaintiffs' motions and Defendants' response. (Dkt. no. 45.) For the reasons discussed

19  below, Plaintiffs' motions are denied.

20  **II.    BACKGROUND**

21        Plaintiffs, who at the time in question were inmates at the Lovelock Correctional

22  Center, brought a lawsuit alleging various constitutional and statutory violations

23  stemming from the Nevada Department of Correction's ("NDOC") decision to move

24  them from a kosher meal to a new "Common Fair Diet." (Dkt. no. 1-3 at 7.) The parties

25  filed cross motions for summary judgement (dkt. nos. 21, 22, 27), and the Magistrate

26  Judge issued a report and recommendation ("R&R") recommending Plaintiffs' motions

27  be denied and Defendants' motion be granted (dkt. no. 36.). Plaintiffs filed objections

28  and, after review, this Court adopted the Magistrate Judge's R&R in full. (Dkt. no. 41.)

1        Plaintiffs now ask the Court to vacate its judgment because, they argue, the

2   Court overlooked a piece of evidence. Specifically, Plaintiffs contend that the Court

3   either ignored or overlooked a letter of kosher certification ("certification letter") from a

4   Rabbi Yisroel Rosskamm to NDOC dated August 27, 2012. (Dkt. no. 43 at 11.) Plaintiffs

5   cite Rule 60(b)(1) as a basis for their motions.

6   **III.    DISCUSSION**

7        The Court may relieve a party from a final judgment for "mistake, inadvertence,

8   surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The determination of a mistake

9   or excusable neglect is "purely a matter of discretion with the trial court." *Smith v. Stone*,

10  308 F.2d 15, 18 (9th Cir. 1962)

11       As an initial matter, Plaintiffs are not arguing that the Court should vacate its

12  judgment due to a mistake by either the parties or their counsel. Rather, their argument

13  is that the Court either ignored or misinterpreted evidence.  While Defendants suggest

14  that Rule 60(b)(1) applies only to mistakes made by parties, the Ninth Circuit has clearly

15  stated that the rule applies to courts as well. *Fidellity Fed. Bank, FSB v. Durga Ma*

16  *Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) ("The district court has discretion to correct a

17  judgment for mistake or inadvertence, either on the part of counsel or the court itself.");

18  *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) (Rule

19  60(b) is not limited to parties and "may include mistake and inadvertence by the

20  judge."). Therefore, the Court will evaluate Plaintiffs' claim that it mistakenly overlooked

21  a piece of evidence.

22       Both the Magistrate Judge and this Court considered the certification letter as

23  part of their analysis. The Magistrate Judge cited the certification letter in his R&R. (Dkt.

24  no. 36 at 10.) This Court referenced the certification letter in its order adopting the R&R.

25  (Dkt. no. 41 at 4.)  Plaintiffs' argument as to the certification letter was considered by

26  both the Magistrate Judge and this Court. Plaintiffs were put on the Common Fair Diet

27  on June 15, 2012. (Dkt. no. 1 at 7.) Defendants provided evidence that from its

28  inception, the Common Fair Diet was meant to be kosher and was therefore planned

2

1    and implemented under rabbinical supervision. (Dkt. no. 27-1 ¶¶ 5-11.) The group

2    supervising the preparation of the meals issued the certification letter on August 27,

3    2012. (Dkt. no. 43 at 11.) Plaintiffs did not offer any evidence or argument to show that

4    consuming the meals prepared under rabbinical supervision, even before the

5    certification letter was issued, burdened their sincere religious beliefs.

6        In sum, the Court did not mistakenly ignore the certification letter when it adopted

7    the R&R and granted the Defendants' motion for summary judgement; the Court

8    considered the certification letter but rejected Plaintiffs' arguments.

9    **IV.    CONCLUSION**

10       It is therefore ordered that Plaintiffs' motions to vacate judgment (dkt. nos. 43,

11   44) are denied.

12       DATED THIS 10th day of December 2015.

13

14   _____
     MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28